1  Thomas N. Petersen, CSB #103037
   Black, Chapman, Webber, Stevens, Petersen & Lundblade
2  Attorneys at Law
   930 West Eighth Street
3  Medford, Oregon   97501
   (541) 772-9850
4  Facsimile (541) 779-7430
   litigation@blackchapman.com
5  206 Lane St.
   Yreka, CA 96097
6  (530) 841-0570

7  Attorney for Plaintiffs

8

9              UNITED STATE DISTRICT COURT
               EASTERN DISTRICT OF CALIFORNIA
10

11 ROBERT M. LAND,                    )   CASE NO.
                                      )
12            Plaintiff,              )   **COMPLAINT FOR DAMAGES**
                                      )   [42 U.S.C. §1983, 1988, Negligence, Battery]
13            vs.                     )
                                      )   DEMAND FOR JURY TRIAL
14 CITY OF WEED and CHRIS YOUNG,      )
   an individual,                     )
15                                    )
              Defendants.             )
16 _____ )

17              JURISDICTION AND VENUE

18 Plaintiff alleges:

19      1.  This is an action brought under 42 U.S.C. §1983 to recover damages against

20 defendants for violations of plaintiff's rights to be free of arrest with unreasonable force

21 and to have due process guaranteed by the Fourth and Fourteenth Amendments to the

22 United States Constitution.

23      2.  The jurisdiction of this Court is predicated on 28 U.S.C. Sections 1331, 1332,

24 1343, 1367, 1391, and 42 U.S.C. Sections 1983 and 1988.  Plaintiff has complied with

25 applicable claims statutes by filing government tort claims with defendant CITY OF

26

WEED. Plaintiff's claim was received by defendant CITY OF WEED on August 30,

- 1 - COMPLAINT FOR DAMAGES

1   2005. Attached hereto and incorporated herein as Exhibit 1 is a true and correct copy of

2   plaintiff's original government tort claim. An amended claim was filed with defendant

3   CITY OF WEED. Defendant CITY OF WEED received plaintiff's amended claim on

4   February 3, 2006. Attached hereto and incorporated herein as Exhibit 2 is a true and

5   correct copy of plaintiff's amended government tort claim. Defendant CITY OF WEED

6   has not formally rejected either the original or amended claims; but they have been

7   rejected by operation of law as of the date this Complaint is filed.

8       3. Plaintiff, ROBERT M. LAND ("hereafter "LAND"), is, and at all times

9   mentioned in this complaint was, a citizen of the State of Oregon, at all times mentioned

10  in this Complaint, LAND was in the custody of the City of Weed, California Police

11  Department.  There exists diversity of citizenship in this case because the parties are

12  citizens of different states and plaintiff's damages exceed $75,000.00.. Jurisdiction is

13  proper under 28 U.S.C. 1332.

14      4. Defendant, CITY OF WEED (hereafter "WEED")is, and at all times mentioned

15  in this complaint was, a general law city and a political subdivision of the State of

16  California located in the Eastern District of California.  WEED owns, controls, maintains

17  and operates a municipal police force. Venue is proper under 28 U.S.C. §1391(b).

18      5. Defendant, CHRIS YOUNG ("hereafter "YOUNG") is, and at all times

19  mentioned in this complaint was a resident of Siskiyou County, California and a police

20  officer who acted individually and within the course and scope of his employment as a

21  police officer with the police department owned, controlled, maintained, and operated by

22  defendant, WEED.  Venue is proper under 28 U.S.C. §1391(b).

23      6.  The events giving rise to this action occurred in Siskiyou County, California,

24  which is located in the Eastern District of California.  Venue is proper under 28 U.S.C. §

25  1391(b).

26

- 2 -COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS,  PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
930 W. 8TH STREET
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430

FIRST CLAIM FOR RELIEF
[42 U.S.C. Section 1983
As to All Defendants]

7.  Plaintiff hereby incorporates paragraphs 1 through 6 of the Complaint as though fully set forth.

8.  Defendant YOUNG was, at all times mentioned in this complaint, acting under color of state law.  Defendant YOUNG is sued individually and in his capacity as a police officer for WEED.

9a.  According to a police report written by YOUNG on or about July 11, 2005, YOUNG and other WEED police officers responded to a solo vehicle accident in the City of Weed. LAND's vehicle had run off the road and hit a fence. LAND was located sitting on a nearby resident's front porch. According to the police report ("report")written by YOUNG, LAND exhibited extreme signs of intoxication, including slurred and profane, agitated speech toward the police, red and watery eyes, and inability to stand on his own. No medical exam was performed on LAND at that time to determine if he had been injured in the accident. YOUNG did note in his report that at this time LAND did not have any obvious injuries.

9b.  According to the report, YOUNG arrested LAND for a misdemeanor violation of Section 23152 of the California Vehicle Code, commonly known as driving under the influence of alcohol. Over his protest, LAND was handcuffed. LAND was so intoxicated that he had to be helped into the patrol car by a number of WEED police officers. Due to LAND'S level of intoxication and consequent concerns for LAND's safety, no field sobriety tests were attempted

9c.  According to the report, LAND was taken to WEED police station and carried into a holding cell by YOUNG and  WEED community service officer, Garcia. LAND continued to exhibit severe signs of intoxication and yelled profanities and threats toward the police. LAND was then transported by YOUNG and WEED police officer Ourjanian

- 3 -COMPLAINT FOR DAMAGES

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
930 W. 8TH STREET
MEDFORD, OREGON 97501
Phone: (541) 772-9850 Fax: (541) 779-7430
litigation@blackchapman.com

1  to the Mt. Shasta Police Department where LAND was given a Preliminary Alcohol

2  Screening Test. His preliminary blood alcohol level by Preliminary Alcohol Screening

3  breath testing measured .20%, 2 ½ times the legal limit.

4     9d.  According to the report, YOUNG then placed LAND back into the rear of his

5  patrol vehicle  and returned to WEED police department. YOUNG dropped off Officer

6  Ourjanian, completed transport paperwork on LAND, and began driving alone with

7  LAND northbound on Interstate 5 toward Yreka, where YOUNG intended to have

8  LAND booked into the county jail in Yreka.

9     9e.  According to the report, soon after leaving Weed, LAND, whose hands were

10  cuffed behind his back, continued to use profane language against YOUNG and began

11  kicking the left rear window of the patrol vehicle. According to the report, YOUNG

12  pulled the patrol vehicle to the side of the freeway, quickly exited his vehicle and ran

13  around to the right rear door of the vehicle, opened the door, and was kicked in the face

14  by LAND, all without waiting for assistance from other law enforcement officers whom

15  he had radioed for assistance.

16     9f.  According to the report, YOUNG then gained control of LAND's legs but

17  LAND was able to place his hands in front of himself in an attempt to strike YOUNG.

18  YOUNG's report then claims that LAND tried to flee but was stopped when YOUNG

19  stepped in front of the rear doorway.

20     9g.  According to YOUNG's report, LAND continued to be combative, so

21  YOUNG "struck him twice in the facial area with my left hand." YOUNG then claimed

22  in his report that he was then able to gain control of LAND and secure him in the

23  backseat of the patrol vehicle. When backup assistance did arrive, LAND's feet were

24  secured to the patrol vehicle's floorboard. YOUNG and LAND then went to Fairchild

25  Medical Center in Yreka.  A true and correct copy of YOUNG's report is attached hereto

26  and incorporated herein as Exhibit 3.  No criminal complaint was filed against LAND.

- 4 - COMPLAINT FOR DAMAGES

1    10.  LAND was treated at Fairchild Medical Center where it was noted that he had

2    swelling over the left side of his face, a 2.5 centimeter cut over his left eye, swelling of the

3    left cheek, swelling of the nose, bruising over these areas and along the jaw line. A CT

4    scan of LAND's face found lateral and intraorbital fractures, jaw fracture, nasal bone

5    fracture, and maxillary fractures. Blood filled his left sinuses. A true and correct copies of

6    LAND's emergency room doctor's chart note and CT scan are attached hereto and

7    incorporated herein as Exhibits 4a and 4b, respectively. Due to the swelling in LAND's

8    face, the doctor could only see a small part of the left eye. On a followup visit to Dr.

9    Graham, LAND was found to have been permanently blinded in the left eye as a result of

10   the July 11, 2005 blows YOUNG dealt to LAND's face. Dr. Graham's chart note is

11   attached hereto and incorporated herein as Exhibit 4c.

12   11.  In acting as alleged in this complaint, YOUNG subjected LAND to

13   unreasonable force and physical injury, pain, and emotional distress.  Defendant WEED

14   failed to take disciplinary action against YOUNG and, knowing that YOUNG had injured

15   LAND, authorized and ratified YOUNG's actions.

16   12.  In acting as alleged in this complaint, defendants violated plaintiff's right to be

17   free of arrest with unreasonable force and his right to due process, guaranteed by the

18   Fourth and Fourteenth Amendments to the United States Constitution.

19   13.  As a direct and proximate result of YOUNG's  actions, described in this

20   complaint, plaintiff has suffered injury, pain, and emotional distress.

21   14.  In acting as is alleged in this complaint, defendants acted knowingly, willfully,

22   and maliciously, and with reckless and callous disregard for plaintiff's federally protected

23   rights.

24   15.  Plaintiff has had to retain legal counsel to bring this action and is therefore

25   entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

26

BLACK, CHAPMAN, WEBBER , STEVENS, PETERSEN & LUNDBLADE
ATTORNEYS AT LAW
930 W. 8TH STREET
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430

1
2

### SECOND CLAIM FOR RELIEF
[42 U.S.C. Section 1983
as to Defendant WEED only]

3   16. Plaintiff hereby incorporates paragraphs 1 through 15 of the Complaint herein

4   as though fully set forth.

5   17. At all material times herein, WEED maintained practices, policies or

6   customs of failing to screen prospective police officers for psychological fitness to be

7   police officers, train or supervise its police officers to avoid use of unreasonable force

8   when arresting detainees such as LAND, and failing to train or supervise its police officers

9   in the safe transport of detainees such as LAND.  As a direct and proximate result of

10  WEED's practices, policies or customs, plaintiff was harmed as aforesaid.

11

### THIRD CLAIM FOR RELIEF
[Negligence as to YOUNG and WEED]

12
13

14  18. Plaintiff hereby incorporates paragraphs 2, 3, 4, 5, 6, 8, 9a through 9g, 10, 11,

15  13, and 17 of the Complaint herein as though fully set forth.

16  19. WEED knew or should have known that YOUNG posed a danger to

    LAND and others by reason of the practice, policy or custom set forth in paragraph 17
17
    of the Complaint herein and because of YOUNG's psychological unfitness to be a police
18
    officer.  WEED took no action to adequately screen YOUNG for psychological fitness to
19
    be a police officer, and WEED failed to adequately train or supervise YOUNG to avoid
20
    using unreasonable force when arresting detainees such as LAND.  WEED failed to
21
    adequately train or supervise YOUNG in the safe transport of detainees such as LAND.
22
23  20. YOUNG negligently failed to take reasonable steps to safely transport LAND

    and to avoid harming LAND who was incapable of caring for himself or others.
24
    ///
25
    ///
26

- 6 -COMPLAINT FOR DAMAGES

1

FOURTH CLAIM FOR RELIEF

2

[Assault and Battery as to YOUNG and WEED]

3      21. Plaintiff hereby incorporates paragraphs 2, 3, 4, 5, 6, 8, 9, 10, 11, and 13 of the

4 Complaint as though fully set forth.

5      22. YOUNG acted willfully, maliciously, and without legal justification.  LAND did

6 not consent to YOUNG's actions in striking LAND with his fist.

7      WHEREFORE, plaintiff prays judgment against defendant as follows:

8 On the First and Second Claims for Relief:

9      1. For economic damages in an amount to be determined according to proof at

10 trial;

11      2. For non-economic damages in an amount to be determined according to proof

12 at trial;

13      3. For punitive damages, in an amount to be determined according to proof at trial;

14      4. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

15      5. For costs of suit incurred in this action;

16 On the Third Claim for Relief:

17      1. For economic damages in an amount to be determined according to proof at

18 trial;

19      2. For non-economic damages in an amount to be determined according to proof at

20 trial;

21      3. For costs of suit incurred in this action;

22 On the Fourth Claim for Relief:

23      1. For economic damages in an amount to be determined according to proof at

24 trial;

25      2. For non-economic damages in an amount to be determined according to proof

26 at trial;

- 7 - COMPLAINT FOR DAMAGES

1      3. For punitive damages in an amount to be determined according to proof at trial;

2      4. For costs of suit incurred in this action.

3  On all Claims for Relief:

4      5.  For such other and further relief as the Court deems proper.

5      DATED this ⁀ day of March, 2006.

6                          Respectfully submitted,

7                          BLACK, CHAPMAN, WEBBER, STEVENS,
                           PETERSEN & LUNDBLADE
8

9

10                         Thomas N. Petersen, CA # 103037
                           Attorney for Plaintiff
11

12                              DEMAND FOR JURY TRIAL

13     Plaintiff, Robert M. Land, hereby demands a jury trial.

14

15

16

17

18

19

20

21

22

23

24

25

26

- 8 -COMPLAINT FOR DAMAGES

# BLACK, CHAPMAN, WEBBER, STEVENS, PETERSEN & LUNDBLADE

DENNIS H. BLACK*
ROBERT L. CHAPMAN
FREDERICK H. LUNDBLADE III *
THOMAS N. PETERSEN *†
ARTHUR W. STEVENS III
ROBERT F. WEBBER

* MEMBER OREGON AND
  CALIFORNIA BARS

† MEMBER WASHINGTON
STATE BAR

ATTORNEYS AT LAW
930 W. 8TH STREET
MEDFORD, OREGON 97501

(541) 772-9850
FAX (541) 779-7430
Info@blackchapman.com

KLAMATH FALLS OFFICE: (541) 884-5999
GRANTS PASS OFFICE: (541) 474-3374
BANDON OFFICE: (541) 347-3757
YREKA OFFICE: (530) 841-0570

LEGAL ASSISTANTS

WORKERS' COMPENSATION
& SOCIAL SECURITY
TERESA RICHEY
JUNE RICH
DONETTE CRAWFORD

PERSONAL INJURY CLAIMS
CLAUDIA MAXSON
WENDY L. BURKE
KATRINA F. MOORE

August 24, 2005

## VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED AND REGULAR MAIL

## FOR SETTLEMENT PURPOSES ONLY AND WITHOUT PREJUDICE

Mr. Earl Wilson, City Administrator
City of Weed
P.O. Box 470
Weed, CA 96094

Our Client:        Robert Land
DOI:               07-11-05
Adverse Party:     City of Weed Police Department

Dear Mr. Wilson:

This letter is submitted for settlement purposes only and is without prejudice. This letter will also serve as our notice to you that this office is now representing Mr. Robert Land, and we are making a claim on his behalf for personal injuries under the Tort Claims Act, Government Code Section 910.

Mr. Land resides at 325 Division, Klamath Falls, Oregon. Any correspondence concerning this claim may be sent to the undersigned at 930 W. 8th Street, Medford, OR 97501.

The incident occurred on July 11, 2005, at approximately 3pm on Interstate 5 near Weed, California. Mr. Land was being transported to the Siskiyou County jail by an officer from the City of Weed. While driving on Interstate 5, the officer (Chris Young) and Mr. Land had a verbal argument. The officer pulled over, opened the back door and began to beat Mr. Land with excessive force. Mr. Land was handcuffed at the time. The force of the beating has resulted in the loss of vision in Mr. Land's left eye, a broken nose, a broken jaw, and a large laceration over Mr. Land's left eye.

The amount of this claim exceeds the jurisdictional minimum for the Superior Court or Federal Court and would not constitute a limited case. Liability is set forth in 42 U.S.C

EXHIBIT: 1
PAGE: 1 of 2

Mr. Earl Wilson
City of Weed
August 24, 2005

Section 1983 and Section 3333 of the California Civil Code. Once you have had an opportunity to review this correspondence, please feel free to give me a call.

                              Sincerely,



                              Thomas N. Petersen

TNP:wb
cc:    Mr. Robert Land

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X _Bev Hooper_  ☒ Agent ☐ Addressee B. Received by (*Printed Name*)  Bev Hooper   C. Date of Delivery 8-30-05 |
| 1. Article Addressed to:  Earl Wilson, City Administrator City of Weed P O Box 470 Weed, CA 96094 | D. Is delivery address different from Item 1? ☐ Yes   If YES, enter delivery address below: ☒ No |
|  | 3. Service Type  ☒ Certified Mail   ☐ Express Mail  ☐ Registered   ☒ Return Receipt for Merchandise  ☐ Insured Mail   ☐ C.O.D. |
|  | 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number (*Transfer from service label*) | 7004 1160 0003 4451 2637 |

PS Form 3811, February 2004                                                                 102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(*Domestic Mail Only; No Insurance Coverage Provided*)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $   .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $   4.42 |

Sent To  Mr Earl Wilson, Administrator
Street, Apt. No.; or PO Box No.  City of Weed, PO Box 470
City, State, ZIP+4  Weed, CA 96094

PS Form 3800, June 2002                              See Reverse for Instructions

7004 1160 0003 4451 2637

EXHIBIT:  I
PAGE:  2 of 2

of 2

### BLACK, CHAPMAN, WEBBER, STEVENS, PETERSEN & LUNDBLADE

DENNIS H. BLACK *
ROBERT L. CHAPMAN
FREDERICK H. LUNDBLADE III *
THOMAS N. PETERSEN *†
ARTHUR W. STEVENS III
ROBERT F. WEBBER

* MEMBER OREGON AND
CALIFORNIA BARS

† MEMBER WASHINGTON
STATE BAR

ATTORNEYS AT LAW
930 W. 8TH STREET
MEDFORD, OREGON 97501

(541) 772-9850
FAX (541) 779-7430
Info@blackchapman.com

KLAMATH FALLS OFFICE: (541) 884-5999
GRANTS PASS OFFICE: (541) 474-3374
BANDON OFFICE: (541) 347-3757
YREKA OFFICE: (530) 841-0570

LEGAL ASSISTANTS

WORKERS' COMPENSATION
& SOCIAL SECURITY
TERESA RICHEY
JUNE RICH
DONETTE CRAWFORD

PERSONAL INJURY CLAIMS
CLAUDIA MAXSON
WENDY L. BURKE
KATRINA F. MOORE

February 1, 2006

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED
AND REGULAR MAIL**

**FOR SETTLEMENT PURPOSES ONLY
AND WITHOUT PREJUDICE**

Mr. Earl Wilson, City Administrator
City of Weed
P.O. Box 470
Weed, CA 96094                            **AMENDED CLAIM**

Our Client:        Robert Land
DOI:               07-11-05
Adverse Party:     City of Weed Police Department/Officer Chris Young

Dear Mr. Wilson:

This letter is submitted for settlement purposes only and is without prejudice. This letter will also serve as our amended claim and notice to you that this office is representing Mr. Robert Land, and we are making an amended claim on his behalf for personal injuries under the Tort Claims Act, Government Code Section 910.

Mr. Land resides at 325 Division, Klamath Falls, Oregon. Any correspondence concerning this claim may be sent to the undersigned at 930 W. 8th Street, Medford, OR 97501.

The incident occurred on July 11, 2005, at approximately 3pm on Interstate 5 near Weed, California. Mr. Land was being transported to the Siskiyou County jail by an officer from the City of Weed. While driving on Interstate 5, the officer (Chris Young) and Mr. Land had a verbal argument. The officer pulled over, opened the back door and began to beat Mr. Land with excessive force. Mr. Land was handcuffed at the time. The force of the beating has resulted in the loss of vision in Mr. Land's left eye, left orbital fractures, a fractured nose, maxillary fractures, a fractured jaw, and a large laceration over Mr. Land's left eye. Copies of medical records concerning his injuries are attached to this claim.

The amount of this claim exceeds the jurisdictional minimum for the Superior Court or Federal Court and would not constitute a limited case. Liability is set forth in 42 U.S.C

EXHIBIT: 2

PAGE: 1 of 2

Mr. Earl Wilson
City of Weed
February 1, 2006


Sections 1983 and 1988  and Section 3333 of the California Civil Code. Once you have had an opportunity to review this correspondence, please feel free to give me a call.

Sincerely,


Thomas N. Petersen

TNP:wb
cc:   Mr. Robert Land

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Oy Qluesta_  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name*)  C. Date of Delivery<br>Di Salvestrin  2-3-06<br>D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br>Mr Earl wilson<br>City Administrator<br>City of Weed<br>PO Box 470<br>Weed, CA 96094 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*)  7004 1160 0003 4451 3306 | |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1540 |

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .63 |
| Certified Fee | 2.40 |
| Return Reciept Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmarked MEDFORD OR USPS 2006

Sent To  Earl Wilson, City of Weed
Street, Apt. No.; or PO Box No.  PO Box 470
City, State, ZIP+4  Weed, CA 96094

of 2

EXHIBIT: 2
PAGE: 2 OF 2

# WEED POLICE DEPARTMENT

**Page 1**

**P.O. Box 470 / 550 Main Street    Weed, CA 96094    530-938-5000**

**ACCIDENT CASE REPORT**

**05-1480**

| Offenses | | Date Occurred | Time Occurred | Area | Date Printed |
|---|---|---|---|---|---|
| 23152(A) VC | Dui Alcohol/Drugs | Monday 07/11/2005 | 1541 | 6 | 08/30/2005 |
| 23152(B) VC | Dui Alcohol/0.08 Percent | **Date Reported** | **Time Reported** | **Beat** | **Time Printed** |
| 243(b) PC | Battery on Peace Officer | Monday 07/11/2005 | 1541 | 1 | 14:01:33 |
| 148(A) PC | Obstruct Public Officer | **Disposition Date** | **Disposition** | | **Incident Number** |
| | | 07/11/2005 | Clred By Adult Arrest | | 050711032 |

| Location | | | Location Type | | Point of Entry |
|---|---|---|---|---|---|
| Hwy 97/WAKEFIELD Av, Weed, CA | | | Street/Highway | | |

| Means of Attack | Location of Entry | Method of Entry | Alarm System |
|---|---|---|---|
| Physical/Strong Arm | | | |

| Victim Name | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Of California | | | | | | | |
| **Residence Address** | | | **Residence Phone** | **DOB** | | **Sex** | **Race** |
| 550 Main Street, Weed, CA 96094 | | | 938-5000 | | | | |
| **Business Name and Address** | | | **Business Phone** | **Height** | **Weight** | **Hair** | **Eyes** |

| Assistance Rendered/Victim Disposition | Transporting Agency |
|---|---|
| Other | |

| Description of Injuries | Other Information |
|---|---|
| None | |

| Witness | | | | | | | |
|---|---|---|---|---|---|---|---|
| Montgomery, Ola B | | | | | | | |
| **Residence Address** | | | **Residence Phone** | **DOB** | | **Sex** | **Race** |
| 1522 Wakefield Av | | | 938-3155 | | | | |
| **Business Name and Address** | | | **Business Phone** | **Height** | **Weight** | **Hair** | **Eyes** |

| Suspect Arrested | | Action Taken | Charges 23152(A) VC, 23152(B) |
|---|---|---|---|
| Land, Robert Murray | | BOOKING | VC, 243(b) PC, 148(A) PC |

| Residence Address | | Residence Phone | DOB | | Sex | Race |
|---|---|---|---|---|---|---|
| 3901 Lake Rd, #86, W Sacramento, CA 95691 | | | 02/02/1955 | | M | W |
| **Business Name and Address** | | **Business Phone** | **Height** 5'9" | **Weight** 145 | **Hair** | **Eyes** |

| Identifying Features | | Arrest Number | Drivers License | SSN |
|---|---|---|---|---|
| | | 1449 | N3265467 CA | |

| Status | Vehicle Make and Model | License/State | Vehicle Type |
|---|---|---|---|
| Involved | 1972 Yellow Ford Ltd | VCM368 OR | Auto |

| No. | Status | Item Description | Value | Val Recvrd | Val Damaged |
|---|---|---|---|---|---|
| 1 | Evidence | 1 - FLOPPY DISC | | | |

| Solvability Factors | | | | | |
|---|---|---|---|---|---|
| Case Solved | | | | | |
| **Prepared By** | **Date** | **Assisted By** | **Approved By** | | **Date** |
| 258 - Young, Chris | 07/11/2005 | | | | |
| **Route To** | **Date** | **Notes** | | | |

EXHIBIT: 3

PAGE: 1 of 8

5309385005

## WEED POLICE DEPARTMENT

| | | Page 2 |
|---|---|---|
| P.O. Box 470 / 550 Main Street    Weed, CA 96094    530-938-5000 **ACCIDENT CASE REPORT** | | 05-1480 |

| Reporting Party Franco, Donato | | | | |
|---|---|---|---|---|
| Residence Address 511 Columbus Way, Weed, CA 96094 | Residence Phone | DOB | Sex M | Race |
| Business Name and Address | Business Phone | Height | Weight | Hair | Eyes |

| Witness Broomfield, Robbie | | | | |
|---|---|---|---|---|
| Residence Address 1586 Wakefield Av, Weed | Residence Phone 938-4519 | DOB | Sex | Race |
| Business Name and Address | Business Phone | Height | Weight | Hair | Eyes |

| Driver Land, Robert Murray | | | | |
|---|---|---|---|---|
| Residence Address 3901 Lake Rd, #86, W Sacramento, CA 95691 | Residence Phone | DOB 02/02/1955 | Sex M | Race W |
| Business Name and Address | Business Phone | Height 5'9" | Weight 145 | Hair | Eyes |

EXHIBIT: 3
PAGE: 2 of 8

## WEED POLICE DEPARTMENT

**P.O. Box 470 / 550 Main Street    Weed, CA 96094    530-938-5000**

### ACCIDENT CASE REPORT

Page 3

05-1480

| Location | | | Type of Locality |
|---|---|---|---|
| Hwy 97/WAKEFIELD Av, Weed, CA | | | Street |

| Injury Severity | No. of Minor Injuries | No. of Major Injuries | No. of Fatal Injuries |
|---|---|---|---|
| No Injuries | | | |

| Cause of Accident | Traffic Signal | Weather | Light Conditions |
|---|---|---|---|
| Driver Error | Not Applicable | Clear | Day |

| Road Type | Road Conditions | Collision Type | Collision Direction |
|---|---|---|---|
| Highway | Clear | Vehicle-Object | Head On |

| Speed Limit | Driving Under the Influence? | Caused by Juvenile? | Primary Collision Factor |
|---|---|---|---|
| | Yes | No | 23152(a), 23152(b) |

EXHIBIT: 3

PAGE: 3 of 8

5309385005

01:26:25 p.m.      08-30-2005      5/9

| **WEED POLICE DEPARTMENT** | Page 4 |
|---|---|
| P.O. Box 470 / 550 Main Street   Weed, CA 96094   530-938-5000 <br> **NARRATIVE** | 05-1480 |

### NOTIFICATIONS:

On Monday, 7-11-2005, at approximately 1541 hours I was dispatched to the Highway 97 Mini Mart (420 Alamo Ave.) in response to a possible intoxicated driver. Sgt. Toms and Chief Nicholas responded to the scene as well. Upon my arrival, I observed several subjects standing outside the Mini Mart. The subjects stated a white male sped off Northbound on Highway 97.

### SCENE:

Wakefield Ave. is a two lane street that has traffic flow in a Northbound lane and a Southbound Lane. Wakefield Ave. runs parallel to U.S. Highway 97. Wakefield Ave. has housing which is located on the West side of the street closest to the Southbound lane of U.S. Highway 97.

### VEHICLE AT REST:

The vehicle (as described below) came to it's final resting point, off the shoulder of the Southbound lane of U.S. Highway 97. The vehicle came to a stop on a downhill slope which ended up on Wakefield Ave. The vehicle was approximately 18 feet from the East roadway edge on Wakefield Ave. The vehicle was approximately 540 feet from the prolongation of W. Lincoln Ave. at Wakefield Ave.

### PARTIES:

There were three parties to this traffic accident. Robert Murray Land (DOB 2-2-54) was the driver (D-1). Witnesses to this accident were Ola B Montogomery (W-1) and Robbie Broomfield (W-2).

### SUMMARY:

Sgt. Toms located a yellow 1972 Ford crashed through a fence on Wakefield Ave., which runs parallel to Highway 97. Chief Nicholas and I arrived on scene. As I exited my vehicle, there were approximately 15-20 subjects standing near the vehicle which collided with the fence. I observed a yellow Ford had collided through a Cal-Trans fence on Wakefield Ave. Chief Nicholas asked the group if they knew who caused this traffic collision. The group pointed onto the front porch of 1476 Wakefield Ave. and positively identified the white male. Ola B Montgomery (whom I know from previous contacts and was standing with the group) pointed at the male and stated, "IT WAS THAT MAN RIGHT THERE!" I observed a white male adult sitting next to Charles Windale Hilliard Jr. (whom I know from previous contacts) on the front porch of 1476 Wakefield Ave. Sgt. Toms secured the vehicle.

### INTOXICATION NARRATIVE:

Chief Nicholas and I contacted the white male adult (which was sitting down), who was later identified by his valid CA Driver's License as Robert Murray Land DOB 2-2-55. Land had a strong smell of an alcoholic beverage emitting from his breath and about his person, his eyes were red and

| Prepared By: | | Date: |
|---|---|---|
| 258 | YOUNG, CHRIS | 07/12/2005 |



EXHIBIT: 3
PAGE: 4 of 8

5309385005

| WEED POLICE DEPARTMENT | Page 5 |
|---|---|
| P.O. Box 470 / 550 Main Street    Weed, CA 96094    530-938-5000<br>**NARRATIVE** | 05-1480 |

watery and his speech was thick. There were no obvious signs of injury or complaint of pain by Land. I asked Land to stand up so I could speak with him. Land stated, "I'M NOT GOING TO STAND UP, I'M FINE RIGHT HERE!" Land refused to stand up when ordered to by Chief Nicholas and myself on five occasions. We were finally able to get Land to his feet and assist him in walking down the stairs. On two occasions, I had to grab Land's arm to keep him from falling down. Due to Land's obvious signs of intoxication, myself having to assist him in walking, it was not safe to administer Field Sobriety Tests to him. When we were able to get Land to the bottom of the steps on the front porch of 1476 Wakefield Ave., he became verbally abusive towards Chief Nicholas and myself. Land stated, "WHAT THE FUCK IS YOUR PROBLEM, I DIDN'T DO ANYTHING WRONG!" Due to my concern for Land's immediate safety and his intoxication level, I attempted to place handcuffs on him. Land tensed up and refused to put his hands behind his back. I told Land to place his hands behind his back or I would be forced to physically place his hands behind his back. Land continued to refuse my orders. With Chief Nicholas standing in close proximity to me, I took Land to the ground and used a rear wristlock to place my handcuffs on him. Land started to threaten me by stating, "YOU FUCKING BITCH, I'M GOING TO KILL YOU!" I placed Land into the rear seat of my patrol vehicle and turned the air conditioning in my vehicle up due to the hot weather. I opened the rear door of my patrol vehicle and observed Land was receiving a sufficient amount of cool air. Land asked if he could get his cell phone from the vehicle. Sgt. Toms retrieved the cell phone and gave it to me. I gave Land his cell phone. Community Services Officer (CSO). Anzo completed a C.H.P. 180 Form and had Black Butte Towing store the vehicle at their facilities. C.S.O. Anzo informed me she located two 24 oz. Hurricane Ice Malt Liquor Beers with the contents emptied inside the vehicle.

I re-contacted Montgomery. The following is a summary of her statement:

**WITNESS STATEMENTS:**

(W-1)Montgomery stated she was standing outside on Wakefield Ave. when she observed a yellow vehicle crash through the fence coming from Highway 97. Montgomery stated the vehicle was heading Northbound and crossed through both the Northbound and Southbound lanes and collided with the fence. Montgomery stated Hilliard walked over to the vehicle and assisted in getting Land out of the vehicle. Montgomery stated Land was unable to walk by himself because he was "staggering." Montgomery stated she phoned the police.

After speaking with Montgomery, I spoke with Robbie Broomfield (whom I know from previous contacts). Broomfield stated he witnessed the incident as well. The following is a summary of Broomfield's statement:

(W-2) Broomfield stated he observed a vehicle had collided with the fence on Wakefield Ave. Broomfield stated he observed Hilliard assist Land in getting out of the vehicle and walk him to the front porch of 1476 Wakefield Ave. Broomfield stated Land was having difficulties in walking by himself.

**CAUSE:**

Land caused this single vehicle accident by being in violation of California Vehicle Code

| Prepared By: | Date: |
|---|---|
| 258    YOUNG, CHRIS | 07/12/2005 |



EXHIBIT: 3
PAGE: 5 of 8

| WEED POLICE DEPARTMENT | Page 6 |
|---|---|
| P.O. Box 470 / 550 Main Street   Weed, CA 96094   530-938-5000<br>**NARRATIVE** | 05-1480 |

Sections 23152(a) D.U.I./Alcohol and 23152(b) D.U.I. of .08% B.A.C. or higher. The cause was determined by: witness statements, the vehicle's final point of rest, and officer's observations.

### ADDITIONAL INFORMATION:

While I was speaking with Broomfield and Montgomery, the group of people surrounding the vehicle paralleled Broomfield's and Montgomery's statement. Due to the increasing number of people wandering around Wakefield Ave. and Land's intoxication level, Sgt. Toms informed me to take Land to the Weed Police Dept. During transport to the Weed Police Dept. from Wakefield Ave., Land stated, "I'M GOING TO FUCKING KILL YOU AND RAPE YOUR ASS BITCH!" Land stated, "I'M GOING TO RAPE YOUR FUCKING FAMILY MOTHER FUCKER!" I arrived at the Weed Police Dept. with Chief Nicholas following me in his patrol unit. I attempted to get Land out of the rear of my patrol unit. Land continuously stated, "FUCK YOU MOTHER FUCKER, I'M GOING TO FUCK YOU UP!" I was finally able to get Land out of my patrol unit. Chief Nicholas and I had to assist him in walking into the Weed Police Dept. Land continuously stopped walking and stated, "I'M NOT GOING ANYWHERE WITH YOU FUCKERS!" With the assistance from C.S.O. Garcia, I was able to carry Land into the Weed Police Dept. holding cell. In the holding cell, Land continued to scream and yell profanitites towards myself. I contacted Sgt. Ourjanian to administer the Preliminary Alcohol Screening Test (E.P.A.S.). Sgt. Ourjanian informed me, the Weed Police Dept.'s E.P.A.S. machine was not working. Dispatch contacted Mt. Shasta P.D. whom stated that the Sgt. Ourjanian and myself could use their E.P.A.S. machine to administer on Land. I walked Land to the rear seat of my patrol vehicle and placed him into the car. Sgt. Ourjanian accompanied me to the Mt. Shasta P.D. At Mt. Shasta P.D., Sgt. Ourjanian administered the E.P.A.S. on Land. Land recorded a .20% on his first attempt. Land recorded a .20% on his second attempt. I placed Land back into the rear seat of my patrol vehicle and transported him back to the Weed Police Dept., along with Sgt. Ourjanian. I completed the proper paperwork in order to transport Land to the Siskiyou County Jail. As I was transporting Land to the Siskiyou County Jail he began to curse and yell profanities at me. Land stated, "YOU JUST WAIT TILL I GET OUT, I'M GOING TO FUCKING KILL YOU BITCH!" As I was approaching the Edgewood Exit on Northbound Interstate 5, Land's profane language continued and then he stated, "I'M GOING TO FUCK YOU UP AND START BY KICKING YOUR FUCKING WINDOW OUT!" I heard a loud thud and as I looked into my rear view mirror, Land was attempting to kick the left rear window out of my patrol vehicle. Due to my immediate concern for Land's safety and the breaking of my window, I pulled my patrol vehicle to the side of the road on Northbound Interstate 5 approximately one mile north of the Edgewood exit.

I contacted dispatch and advised them of the situation. I quickly ran to the right rear door. I opened the door and ordered Land to stay still, as he was attempting to get out of the rear of my vehicle. Land stated, "FUCK YOU BITCH, I'M GOING TO GET OUT OF THE FUCKING CAR AND KILL YOU!" Land was attempting to push the weight of his body through me, as I was standing in front of the door. I ordered Land to stop resisting and to sit down. I had to physically grab a hold of Land by his hands in order for him to stop moving. While I was struggling with Land, I could hear dispatch attempting to contact me. I was unable to contact dispatch due to Land's extreme violent physical and verbal behavior. Land quickly leaned back in my patrol seat and kicked me in the face twice. The first kick struck me in the top of the head causing a red mark and a bump (refer to photos). The second strike

| Prepared By: | Date: |
|---|---|
| 258   YOUNG, CHRIS | 07/12/2005 |



EXHIBIT: 3
PAGE: 6 of 8

| **WEED POLICE DEPARTMENT** | Page 7 |
|---|---|
| P.O. Box 470 / 550 Main Street   **Weed, CA 96094**   530-938-5000<br>**NARRATIVE** | 05-1480 |

caught me on the right side of my mouth, causing it to moderately swell. The kicks to my facial area were so severe it caused sunglasses to be knocked off my head. Both strikes were so severe it caused me pain and discomfort to my facial area. As I was attempting to control Land's legs, he stated, "YEAH BITCH, I'M GOING TO KICK YOUR FUCKING TEETH OUT!" I was able to control Land's legs, he then attempted to strike with his hands (which were now in front of his body). I was able to push Land away from me as I continued to order him to stop physically abusing me. Land continued to state, "I CAN'T WAIT UNTIL I GET TO FUCKING KILL YOU MOTHER FUCKER!" Land again attempted to flee out of my vehicle, but I stepped in front of the opened door. I was able to grab a hold of Land who kicked me two more times, this time in my stomach area. I told Land if he continued to kick me, he would be forced to ground and hobbled. Land continued to kick at me. Due to the immediate concern for my safety and Land's continued violence towards me, I struck him twice in the facial area with my left hand. I was able to get Land off his balance and take him down into the backseat of my patrol vehicle. Due to Land's continued attempted violence towards me and aggresive behavior, I found the only way to control Land was to lay on top of him until back-up arrived. Land continued to threaten my family and my life by saying, "NOT ONLY AM I GOING TO KILL YOU, BUT I'M GOING TO KILL YOUR FUCKING FAMILY!" Lt. Lachenmyer and Deputy Bradley (S.C.S.O.) arrived on scene approximately two minutes later. Lt. Lachenmyer secured Land and secured his feet to the floorboard of my patrol unit. I contacted dispatch and informed them of the situation. I was able to continue my transport to the Fairchild Medical Center in Yreka. I advised dispatch I would need a unit from Yreka P.D. for assistance when I arrived at the medical center.

I arrived at the medical center and was met by Sgt. Gilman from the Yreka P.D. Sgt. Gilman secured Land and walked him into the medical center. Due to the pain in facial area and left hand, I was checked by medical personnel. Officer Crisci from Yreka P.D. arrived to assist as well. Sgt. Toms arrived on scene at the medical center. I was treated and released of my injury from the medical center. Sgt. Toms cleared me from the scene and advised me to go back to the City of Weed.

Sgt. Toms informed me on 7-12-2005 at approximately 0830 hours, that Officer Crisci transported and booked Land on the night of 7-11-2005 for the violations of California Vehicle Code Sections 23152(a) D.U.I./Alcohol, 23152(b), D.U.I. of .08% B.A.C. or higher, and Penal Code Sections 243(b), Battery on a Peace Officer, 148(a)(1) Obstructing Public Official.

### RECOMENDATIONS:

Prosecution of Land for violations of California Vehicle Code Sections 23152(a) and 23152(b). Additional charges of the violations of California Penal Code sections 243(b) and 148(a)(1) are requested against Land.

### ATTACHMENTS:

1. D.A. Complaint Request
2. Certificate of Arrest
3. Agency Advisory Form

| **Prepared By:** | **Date:** |
|---|---|
| 258    YOUNG, CHRIS | 07/12/2005 |



5309385005                              01:32:44 p.m.      08-30-2005        9/9

| WEED POLICE DEPARTMENT | | Page 8 |
|---|---|---|
| P.O. Box 470 / 550 Main Street   Weed, CA 96094   530-938-5000<br>**NARRATIVE** | | 05-1480 |

4. DS-367
5. CHP 180
6. DMV TXT on Land
7. CA DL N3265467
8. Weed Police Dept. Evidence Receipt
9. Alcotest 7410

| Prepared By: | Date: |
|---|---|
| 258   YOUNG, CHRIS | 07/12/2005 |

EXHIBIT: 3
PAGE: 8 of 8

| | |
|---|---|
| 'ient Name: | **LAND, ROBERT** |
| ᒐᑎB: | 02/02/1955 |
| Account #: | 0965690019 |
| Unit Record #: | 1066697 |
| Attending Physician: | DAVID P. WILSON, M.D. M.P.H. |
| Date: | 07/11/05 |
| Document Type: | **EMERGENCY ROOM REPORT** |

**CHIEF COMPLAINT:** Assaulted.

**HISTORY OF PRESENT ILLNESS:** The patient said he was assaulted by a police officer and does not want to give anymore information. The patient is very difficult to interview. The only other information noted is the patient was driving from Klamath Falls to Sacramento. He ended up losing his car. He said his job is dislocated.

**PAST MEDICAL HISTORY:** The patient says he had Hep C and is unwilling to talk any further.

**SOCIAL HISTORY:** He smokes cigarettes and drinks alcohol.

**PHYSICAL EXAMINATION: Vital Signs:** Temperature 36.7°, BP 138/92, pulse 87, respirations 20, $O_2$ saturation 94% on room air. Before discharge his BP was 135/85, pulse 66, respirations 16, $O_2$ saturation 97% on room air. **HEENT:** The patient has a lot of swelling around the left side of the face. He has a 2.5 cm cut over the left eyebrow. I am only able to see a small part of the left eye. There is a lot of purpura around ᒐ eye next to the laceration. There is swelling of the left cheek as well. There is some swelling of the nose. also has purpura of these areas and along the left side of the jaw, with no deformity of the TMJ. Tympanic membranes intact with good light reflex. Mouth and throat are normal. **Neck:** Supple and nontender with no lymphadenopathy. **Lungs:** The breath sounds are clear and equal without wheezes, rales, or rhonchi. Respiratory effort was quiet and not labored. **Heart:** Cardiac rhythm is regular with no murmurs, rubs, or gallops. Peripheral pulses are symmetrical and full. **Chest:** The chest wall is nontender. **Abdomen:** Soft and nontender. Normal bowel sounds. No hepatosplenomegaly.

**EMERGENCY DEPARTMENT COURSE:** CT scan of facial bones showed lateral and infraorbital fractures, jaw fracture, nasal bone fracture, and maxillary fractures. He has blood in the sinuses, all on the left side.

**IMPRESSION:**

Multiple facial fractures and lacerations.

**PLAN:** The wound was anesthetized with 1% Lidocaine, and scrubbed and cleaned. The laceration was sutured with #5-0 Prolene. Attempt to make a follow up at night was unsuccessful as there is no one in Redding who is on–call. The patient was recommended to go to Sacramento and he says he can't go tonight. Therefore, the patient is told to return in the a.m. for a repeat eye exam and follow up will initiate at that time. The patient is under arrest and will be in jail until his repeat exam.

David Wilson MD MPH
DAVID P. WILSON, M.D. M.P.H.
DPW/llj
VD: 07/12/05 0714
07/18/05 1549

EXHIBIT: 4a

PAGE: 1

# FAIRCHILD MEDICAL CENTER

444 Bruce Street – Yreka, CA  96097

## GARY L. WADE, M.D.
## MICHAEL D. MALONEY, M.D.
### Radiologists

Medical Record #: 1066697

Document #: 20056094

| Patient Name: | | | Referring Physicians: | |
|---|---|---|---|---|
| **LAND, ROBERT** | | | **WILSON, DAVID MD** | |
| Examination Date: | Admission Date: | Birthdate: | | |
| 07/11/2005 | | 02/02/1955 | | |
| Account #: | Patient Type: | | Room/Bed: | Floor: |
| 0965690019 | ER | | TR5 | |

<u>HISTORY:</u> 50-year-old patient reportedly with facial trauma in altercation with the police.

<u>COMPUTED TOMOGRAMS OF THE FACIAL BONES</u>: 07/11/05

| Study: | Facial Bones CT |
|---|---|
| Scanner | Siemens Somatom Sensation 16 |
| | Run 1 |
| Coverage area | Face |
| Rotation | 0.75sec |
| Collimation | 0.75mm |
| Recon thickness | 1.5mm |
| Recon interval | 0.7mm |
| Table speed | 6.6mm/rot |
| Contrast | |
| Contrast volume | |
| Injection Rate | |
| Scan Delay | |
| Comments: | Premedication with decongestants<br>Data exported to an external Wizard workstation with extensive coronal,<br>sagittal, and oblique reconstructions performed. |

There is a complex comminuted fracture of the anterolateral wall of the left maxillary sinus with a hairline component extending transversely through the maxilla through the caudal portion of the right maxillary sinus. There is a blowout fracture of the floor of the left orbit with fragments displaced downward into the maxillary sinus. There is a long oblique fracture of the lateral wall of the left orbit. There is a hairline nondisplaced fracture of the left zygoma. The left maxillary sinus is opacified. There is extensive subcutaneous emphysema in the soft tissues of the left face. There is visible extension of the fracture into the base of the skull.

<u>CONCLUSION:</u>

1.   Extensive fractures of the walls of the left orbit and left maxillary sinus with a nondisplaced fracture of the left zygomatic arch and a nondisplaced transverse component through the entire maxilla involving the caudal aspect of the right maxillary sinus.
2.   Extensive left facial subcutaneous emphysema.
3.   The blowout component of the left orbital fracture needs to be evaluated with respect to mobility of the patient's left eye.

There is no clinically significant discrepancy with the Emergency Physician's preliminary report.

GARY L. WADE, M.D.
Dictated but not read.

GLW:kmh
D/R:   07/12/05   0919
T:      07/12/05   1012

EXHIBIT: 46

PAGE: 1

07/11/05                          **RADIOLOGY REPORT**                          **CT FACIAL BONES**

PATIENT'S NAME _____

ADDRESS _____

INSURANCE ____ none ____

TEL. NO. _____   REFERRED BY _____   OCCUPATION _____   AGE __ SEX __ S M W D

| DATE | Prob. No. or Letter | SUBSEQUENT VISITS AND FINDINGS |
|------|------|------|
| AUG 0 3 2005 | | S/ 20/40   OTC  +200 sph |
| | | 20/ — NOLP |
| | | Hx poor vision left eye since head |
| | | & facial injuries July 4, 05 |
| | | Pt thinks all vision gone left eye from day of |
| | | injury. Past eye by neg for disease |
| | | Meds by received. Exam Lids, conj clr |
| | | Vision full APD left eye subconj |
| | | hemorrhage superior limbus OS |
| | | Tₐ 14/12 mid to dilate cycloplegic retinoscopy |
| | | OD + 0.50 - 0.25 X 80 |
| | | SL cornea AC clear lens clear  OS + 0.50 - 0.25 X 150 |
| | | fundi disc color normal OD |
| | | disc pale left eye |
| | | retina & vessels normal OU gross VF full OD |
| | | A) Traumatic optic neuritis left eye |
| | | causing blindness left eye |
| | | P) No treatment will help |
| | | R Graham MD |

EXHIBIT: 4C

PAGE: 1